**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PLURALSIGHT, INC., AARON SKONNARD, and JAMES BUDGE,<br><br>      Defendants. | Case No.: 1:19-cv-07563-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF**
**INSTITUTIONAL FUNDS' MOTION FOR APPOINTMENT**
**<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTIONS OF COUNSEL</u>**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | SUMMARY OF THE PENDING ACTION | | 2 |
| III. | ARGUMENT | | 4 |
| | A. | The Institutional Funds Should Be Appointed Lead Plaintiff | 4 |
| | | 1. The Institutional Funds Have Timely Filed Their Motion | 4 |
| | | 2. The Institutional Funds Have The Largest Financial Interest In The Relief Sought By The Class | 5 |
| | | 3. The Institutional Funds Satisfy The Requirements Of Rule 23 | 6 |
| | | 4. The Institutional Funds Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA | 8 |
| | B. | The Court Should Approve the Institutional Funds' Selections Of Counsel | 10 |
| IV. | CONCLUSION | | 13 |

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*,
  2018 U.S. Dist. LEXIS 123594 (S.D.N.Y. July 24, 2018) ............................................................. 6

*Ford v. VOXX Intern. Corp.*,
  2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ........................................................ 6, 10

*In re Cendant Corp. Sec. Litig.*,
  109 F. Supp. 2d 235 (D.N.J. 2000) ............................................................................................ 12

*In re Olsten Corp. Secs. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................................. 5

*In re WorldCom, Inc. Sec. Litig.*,
  294 F. Supp. 2d 392 (S.D.N.Y. 2003) .......................................................................................... 8

*In re WorldCom, Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 22992 (S.D.N.Y. Nov. 12, 2004) .......................................................... 12

*Lax v. First Merchants Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) ............................................................. 5

*Mustafin v. Greensky, Inc.*,
  2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar. 29, 2019) .......................................................... 10

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v.
  Fairfax Fin. Holdings Ltd.*,
  2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011) ........................................................... 8

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech
  Telecommunications Corp.*,
  2010 U.S. Dist. LEXIS 103218 (E.D.N.Y. Aug. 17, 2010) .......................................................... 7

*Randall v. Fifth St. Fin. Corp.*,
  2016 U.S. Dist. LEXIS 15719 (S.D.N.Y. Feb. 1, 2016) .............................................................. 8

**STATUTES**

15 U.S.C. § 78u-4(a)(3) .................................................................................................... 4, 5, 6, 11

**RULES**

Fed. R. Civ. P. 23(a) ............................................................................................................. 6, 7, 8

Proposed Lead Plaintiff Oakland County Employees' Retirement System and the Oakland County Voluntary Employees' Beneficiary Association Trust ("Oakland County"); Oklahoma Police Pension and Retirement System ("Oklahoma Police"); and City of Birmingham Retirement and Relief System ("Birmingham") (collectively the "Institutional Funds"), respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing the Institutional Funds as Lead Plaintiff; (2) approving their selections of Saxena White P.A. ("Saxena White") and Barrack Rodos & Bacine ("Barrack Rodos") to serve as Lead Counsel for the Class; and (3) any such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

This securities class action is brought on behalf of purchasers the common stock of Pluralsight, Inc. ("Pluralsight" or the "Company") between August 2, 2018 and July 31, 2019, inclusive (the "Class Period"). The case asserts claims for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Pluralsight and certain of its executives ("Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court assesses the movant with the "largest financial interest" in the relief sought by the Class, whether the movant is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure, as well as any unique defenses that the movant will face. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Institutional Funds readily satisfy these requirements, are the "most adequate plaintiff" under the PSLRA, and thus, should be appointed Lead Plaintiff. The Institutional Funds, which manage approximately $5.6 billion in combined assets and suffered approximately $1.5 million of losses in connection with their Class Period purchases of Pluralsight common stock,[1] are the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA. Specifically, the Institutional Funds are sophisticated institutional investors with a substantial financial interest in this action, and are committed to ensuring that the case is vigorously prosecuted. The Institutional Funds are familiar with the obligations and responsibilities of a lead plaintiff, are not subject to any unique defenses, and have the incentive, ability, and experience to effectively supervise the prosecution of the action in the best interests of the Class.

The Institutional Funds have further demonstrated their adequacy through their selections of Saxena White and Barrack Rodos to serve as Lead Counsel. Saxena White and Barrack Rodos both have substantial experience and success prosecuting securities class actions in this District and throughout the nation.

Accordingly, the Institutional Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## II.     SUMMARY OF THE PENDING ACTION

Pluralsight is a provider of cloud-based and video training courses for employees such as software developers, IT administrators, and creative professionals.[2] Pluralsight utilizes a

---

[1] The Institutional Funds' transactions in Pluralsight common stock during the Class Period are set forth in the certifications attached as Exhibit B to the Declaration of Steven B. Singer in Support of the Motion of the Institutional Funds for Appointment as Lead Plaintiff and Approval of Selections of Counsel ("Singer Decl."). Charts setting forth the Institutional Funds' losses are attached as Exhibit C to the Singer Decl.

[2] ¶ 2. All "¶" references are to the *City of Birmingham Firemen's and Policemen's Supplemental Pension System* Complaint (ECF No. 1).

2

subscription-based business model where its software is licensed to users on a subscription basis. ¶ 26.  The Company utilizes a metric known as "billings" as a primary measure of growth.  ¶ 26.  The Company completed its initial public offering ("IPO") in May 2018, and conducted a secondary public offering ("SPO") on March 6, 2019. ¶ 2.

Throughout the Class Period, Pluralsight misrepresented the Company's business outlook, particularly related to the Company's salesforce and its ability to generate strong growth in billings.  For example, Pluralsight represented in its SEC filings that "billings from business customers will be a significant source of future revenue growth and a key factor affecting our long-term performance" and that Pluralsight expects its "billings from business customers to continue to increase as a percentage of billings over the long term."  ¶¶ 30, 36, 42, 44, 47.  With respect to Pluralsight's salesforce, the Company represented in the prospectus in connection with the SPO that it had "significantly expanded our direct sales force to focus on business sales," and "[w]e have also been able to drive substantial increases in the productivity and effectiveness of our sales personnel over time as they gain more experience selling subscriptions to our platform."  ¶ 44.  Similarly, Pluralsight's CFO represented that its salesforce is "starting to become more tenured, we're getting more productivity out of them, which is why we don't have to double our sales force every single year" and as a result, there is "a lot of great infrastructure around them that has improved our retention massively and we're now at scale, we're starting to see the efficiencies around that."  ¶¶ 31, 37.

However, Defendants failed to disclose that Pluralsight was experiencing sales execution challenges which impacted its billings and substantial delays in hiring and properly training the salesforce necessary to meet its lofty billing projections.  In addition, the Company knew at the time of the March 2019 SPO that it was behind schedule onboarding new sales representatives,

3

which was hurting the Company's sales execution and preventing Pluralsight from meeting its high growth projections. ¶¶ 3, 49.

On July 31, 2019, Pluralsight disclosed disappointing financial results for the second quarter ended June 30, 2019 and that its billings growth rate had sharply deteriorated from over 40% to just 23% year-over-year. The Company blamed its declining growth in billings on "sales execution challenges" and other issues with its salesforce. ¶¶ 4, 51. In response to these disclosures, Pluralsight's stock price fell $12.13 per share or nearly 40%, to close at $18.56 per share on August 1, 2019. ¶ 53.

## III.   ARGUMENT

### A.   The Institutional Funds Should Be Appointed Lead Plaintiff

The Institutional Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). As sophisticated institutional investors with a substantial financial stake in this action, the Institutional Funds are the paradigmatic institutional investors that Congress envisioned when enacting the PSLRA. In addition, the Institutional Funds have selected able and experienced attorneys to serve as Lead Counsel, and face no unique defenses regarding their ability to adequately represent the Class.

#### 1.   The Institutional Funds Have Timely Filed Their Motion

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of the notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The Institutional Funds' motion is therefore timely as it was filed within 60 days of the publication of the notice filed on August 13, 2019. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Singer Decl. Exhibit A.

## 2. The Institutional Funds Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interest of the class[] or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

To determine the largest financial interest, courts have utilized the four-factor test promulgated in *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 11, 1997) and adopted in *In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (the "Lax/Olsten factors" or "Olsten factors"). *Id*. at 20. The four Lax/Olsten factors are: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Id*.

The Institutional Funds should be appointed Lead Plaintiff because they have the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). During the Class Period, the Institutional Funds purchased a total of 112,660 shares and 106,112 net shares, expended over $3.2 million in funds, and suffered combined losses of nearly $1.5 million calculated under a last-in, first-out ("LIFO") basis. *See* Singer Decl., Exhibit C.

|  | Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|---|
| *Birmingham* | 44,171 | 44,121 | $1,412,280 | $684,662 |
| *Oakland County* | 29,058 | 25,558 | $854,976 | $418,756 |
| *Oklahoma Police* | 39,431 | 36,433 | $963,541 | $362,710 |
| *Total* | 112,660 | 106,112 | $3,230,797 | $1,466,128 |

5

To the best of the Institutional Funds' knowledge, no other movant has a larger financial interest in the action and also satisfies the adequacy and typicality requirements of the PSLRA. Accordingly, the Institutional Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, the Institutional Funds are not subject to any unique defenses that would render them incapable of adequately representing the Class.

### 3. The Institutional Funds Satisfy The Requirements Of Rule 23

The Institutional Funds amply satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Ford v. VOXX Intern. Corp.*, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (noting "in the context of a PSLRA motion to appoint a lead plaintiff, the court considers only whether the proposed class plaintiff had made a 'preliminary showing' that the Rule 23 'typicality' and 'adequacy' showings have been made") (citations omitted).

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately represented, "a lead plaintiff must show that '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, 2018 U.S. Dist. LEXIS 123594, at *5 (S.D.N.Y. July 24, 2018) (citation omitted).

The Institutional Funds easily satisfy this standard. The Institutional Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.

Further, there are no facts to suggest any actual or potential conflict of interest or other antagonism between the Institutional Funds and the other Class members.  Moreover, as institutional investors with a substantial financial interest in the litigation, the Institutional Funds have the resources, experience, and incentive to vigorously represent the Class and prosecute this action against Defendants.

The Institutional Funds have further demonstrated their adequacy through their selections of Saxena White and Barrack Rodos as Lead Counsel to represent the Class.  Saxena White and Barrack Rodos are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

The Institutional Funds also satisfy the typicality requirement.  Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality can be "satisfied 'where the claims arise from the same court of events and each class member makes similar legal arguments to prove the defendant's liability.'" *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecommunications Corp.*, 2010 U.S. Dist. LEXIS 103218, at *15 (E.D.N.Y. Aug. 17, 2010) (typicality requirement satisfied when movant "like the other purported class members in this action, alleges that it purchased or otherwise acquired [the company's] stock during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also that it incurred damages as a result"). (citation omitted).

Here, the Institutional Funds' and all other Class members' claims arise from the same course of events, and their legal arguments to establish Defendants' liability are nearly identical. Indeed, like all other Class members, the Institutional Funds: (1) purchased Pluralsight common

stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 2011 U.S. Dist. LEXIS 117545, at *5 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). As such, the Institutional Funds' claims are typical of the Class' claims.

### 4. The Institutional Funds Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA

In addition to satisfying the requirements of Rule 23, the Institutional Funds are the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with substantial interests in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 421 (S.D.N.Y. 2003) (stating that "the lead plaintiff provisions are designed to promote the selection at an early stage of the litigation of an institutional investor with the largest financial stake in the action so that that party can control the course of the litigation"); *Randall v. Fifth St. Fin. Corp.*, 2016 U.S. Dist. LEXIS 15719, at *10 (S.D.N.Y. Feb. 1, 2016) (appointing an institutional investor based on "Congressional preference for institutional lead plaintiffs in private securities class actions").

Here, the Institutional Funds are sophisticated institutional investors that have combined assets under management of approximately $5.6 billion. The Institutional Funds have significant resources and a substantial financial interest in this litigation. In addition, the Institutional Funds

8

have the ability and incentive to vigorously represent the claims of the Class and understand very well the duties of a lead plaintiff pursuant to the PSLRA, including their experience prosecuting securities class actions on behalf of investor classes. Birmingham's achievements in securities class action litigation include *In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 3:16-cv-05541-JST (N.D. Cal.) ($320 million total recovery, pending final Court approval); *In Re: BHP Billiton Ltd. Sec. Litig.*, No. 1:16-cv-01445-NRB (S.D.N.Y.) ($50 million recovery); and *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group, Inc.*, No. 1:16-cv-02400 (AT)(SN) (S.D.N.Y.) ($28 million recovery). Oklahoma Police's achievements in securities class action litigation include *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million recovery); *In re Am. Home Mortgage Sec. Litig.*, No. 07-MD-1898 (E.D.N.Y.) ($37 million recovery); *In re Fifth St. Fin. Corp. Sec. Litig.*, No 15-cv-7759 (S.D.N.Y.) ($14 million recovery); *Ross v. Career Ed. Corp.*, No. 12 C 276 (N.D. Ill.) ($27.5 million recovery); *Milbeck v. TrueCar, Inc.*, No. 2:18-cv-02612 (C.D. Cal.) ($28,250,000 recovery pending court approval). Oakland County, an institutional investor that provides retirement benefits to the employees of Oakland County, Michigan, has experience serving as a lead plaintiff under the PSLRA, including achieving a recovery of $12.5 million in *In re OmniVision Tech., Inc. Sec. Litig.*, No. 5:11-cv-05235 (N.D. Cal.).

As part of their effort to formalize their commitment to jointly prosecute this action, before seeking appointment as Lead Plaintiff, representatives of Oakland County, Birmingham, and Oklahoma Police participated in a conference call to discuss, among other things: the need for the action to be driven by sophisticated institutional investors intent on maximizing recovery for the Class; protocols for ensuring that the claims of the Class will be efficiently and zealously prosecuted; and the status of counsel's ongoing investigation. *See* Joint Declaration of James D.

9

Love, Ginger Sigler, and Joseph Rozell in Support of the Motion of the Institutional Funds for Appointment as Lead Plaintiff and Approval of Their Selections of Counsel ("Joint Decl."), ¶ 16-18, Exhibit D; *see also Ford*, 2015 U.S. Dist. LEXIS 92705, at *8 (appointing a group of three institutional investors that "submitted a joint declaration, executed by an executive from each entity, indicating that representatives from each have conferred and agreed to work together in the prosecution of this action"); *Mustafin v. Greensky, Inc.*, 2019 U.S. Dist. LEXIS 55296, at *14-15 (S.D.N.Y. Mar. 29, 2019) (appointing a "coalition of three institutional investors" as they attested in a joint declaration "that they owe a duty to all class members and pledge to work closely together to vigorously prosecute the claims on behalf of the class"); *In re Genworth Fin., Inc., Sec. Litig.*, No. 1:14-cv-02392-AKH, ECF No. 20 (S.D.N.Y. July 25, 2014) (appointing institutional investors that jointly moved); *In re Escala Grp., Inc. Sec. Litig.*, No. 1:06-cv-2518-AKH, ECF No. 33 (S.D.N.Y. July 20, 2006) (same). Recognizing that this litigation will be best guided by institutional investors that are familiar with the requirements attendant upon a fiduciary, Oakland County, Birmingham, and Oklahoma Police determined to join together to seek appointment as Lead Plaintiff. *See id*. ¶¶ 2, 14. Moreover, the Institutional Funds understand the duties of a Lead Plaintiff pursuant to the PSLRA, are willing to oversee the vigorous prosecution of the action, and have pledged to provide testimony at deposition and trial, if necessary. *See id*. ¶¶ 15, 19.

Thus, as demonstrated herein, the Institutional Funds are the paradigmatic Lead Plaintiff contemplated by the PSLRA.

**B.     The Court Should Approve the Institutional Funds' Selections Of Counsel**

The Court should approve the Institutional Funds' selections of Saxena White and Barrack Rodos as Lead Counsel for the Class. Pursuant to the PSLRA, a movant shall, subject to

Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Institutional Funds retained Saxena White and Barrack Rodos as proposed Lead Counsel to represent the Class. As demonstrated by their firm resumes, Saxena White and Barrack Rodos have extensive experience in successfully prosecuting complex litigation on behalf of shareholders and have been lead or co-lead counsel in major securities class actions nationwide, including in this District. *See* Singer Decl., Exhibits E and F. For example, Saxena White, acting as co-lead counsel, recently secured a $210 million recovery for the investor class *In re Wilmington Trust Securities Litigation*, No. 10-cv-00990-ER (D. Del.). The recovery in *Wilmington* represented nearly 40% of the Class's maximum likely recoverable damages. Saxena White's track record serving as lead or co-lead counsel in securities litigation also includes the $73 million recovery in *In re Rayonier Inc. Sec. Litig.*, No. 3:14-cv-1395-TJC-JBT (M.D. Fla.); the $53 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04 C 7644 (N.D. Ill.); the $37.5 million recovery in *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A.*, No. 1:08-cv-23317-JAL (S.D. Fla.); the $28 million recovery in *Westchester Putnam Ctys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*, No. 1:16-cv-02400 (AT)(SN) (S.D.N.Y.); and the $27 million recovery in *In re Sadia S.A. Sec. Litig.*, 08-cv-09528-SAS (S.D.N.Y.). Recently, Saxena White achieved a remarkable settlement valued at $320 million (pending final approval) in a derivative action against Wells Fargo & Company, which is the largest derivative settlement in history. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-05541-JST (N.D. Cal.). Saxena White has built an impressive track record of professional and efficient

shareholder representation in complex securities actions, and has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously.

Barrack Rodos has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Singer Decl., Exhibit F. Specifically, Barrack Rodos has been appointed as lead counsel in dozens of securities class actions, including more than 40 filed since passage of the PSLRA. *Id*. Barrack Rodos served as co-lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), where it obtained settlements totaling more than $3.3 billion. Barrack Rodos also served as co-lead counsel in the *In re WorldCom, Inc. Securities Litigation*, in which settlements totaling over $6 billion were approved by the Honorable Denise Cote. Judge Cote described the services provided by Barrack Rodos as one of the lead counsel as follows:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance. In sum, the quality of the representation that Lead Counsel has provided to the class has been superb.… Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill. *In re WorldCom, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72, *73 (S.D.N.Y. Nov. 12, 2004).

In addition, in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT (D. Ariz.), Barrack Rodos was lead counsel for the class in one of the few securities class actions that: (a) was tried to a jury verdict, (b) resulted in a jury verdict in favor of the class, and (c) was upheld in all respects on appeal. In August 2011, the lead plaintiff entered into an agreement with the defendants to resolve a dispute over claims procedures in exchange for the

payment of $145 million for the benefit of the class. More recently, among many other notable cases with recoveries in the hundreds of millions of dollars, Barrack Rodos was successful in achieving a $970.5 million recovery in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08-CV-4772-LTS-DCF (S.D.N.Y.), and a $335 million recovery in *Pennsylvania Public Schools Employees' v. Bank of America Corp., et al.*, No. 11-CV-00733-WHP (S.D.N.Y), on behalf of state pension funds serving as lead plaintiffs.

Accordingly, the Court should approve the Institutional Funds' selections of Saxena White and Barrack Rodos as Lead Counsel for the Class.

## IV. CONCLUSION

For the reasons discussed above, the Institutional Funds respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff; (2) approve their selections of Saxena White and Barrack Rodos as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: October 15, 2019

    Respectfully submitted,

    **SAXENA WHITE P.A.**

    By: */s/ Steven B. Singer*
    Steven B. Singer
    10 Bank Street
    White Plains, NY 10606
    Tel: (914) 437-8551
    Fax: (888) 216-2220
    Email: ssinger@saxenawhite.com

    **SAXENA WHITE P.A.**
    Joseph E. White, III
    Lester R. Hooker
    150 East Palmetto Park Road, Suite 600
    Boca Raton, FL 33432
    Telephone: (561) 394-3399

Facsimile:   (561) 394-3382
jwhite@saxenawhite.com
lhooker@saxenawhite.com

**BARRACK RODOS & BACINE**
Michael A. Toomey
11 Times Square
640 Eighth Avenue, 10th Floor
New York, NY 10036
Telephone:   (212) 688-0782
Facsimile:    (212) 688-0783
mtoomey@barrack.com

**BARRACK RODOS & BACINE**
Robert A. Hoffman
Jeffrey B. Gittleman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone:   (215) 963-0600
Facsimile:    (215) 963-0838
rhoffman@barrack.com
jgittleman@barrack.com

*Proposed Lead Counsel for the Class*

**VanOverbeke, Michaud & Timmony P.C.**
Aaron Castle
79 Alfred Street
Detroit, MI 48201
Telephone:   (313) 578-1200
Facsimile:    (313) 578-1201
acastle@vmtlaw.com

*Counsel for Oakland County*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

>
> */s/ Steven B. Singer*
> Steven B. Singer