**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-07563-AKH <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| PLURALSIGHT, INC., AARON SKONNARD, and JAMES BUDGE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**THE EMPLOYEES' RETIREMENT SYSTEM OF THE PUERTO RICO ELECTRIC**
**POWER AUTHORITY AND THE CITY OF SARASOTA GENERAL EMPLOYEES**
**DEFINED BENEFIT PENSION PLAN FOR APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.      PRELIMINARY STATEMENT ................................................................................1

II.     SUMMARY OF RELEVANT FACTS .....................................................................2

III.    ARGUMENT .............................................................................................................5

        A.      ERS-PREPA and Sarasota EPP Should Be
                Appointed As Lead Plaintiff ...........................................................................5

                1.      ERS-PREPA and Sarasota EPP Have Timely Moved
                        For Appointment As Lead Plaintiff ....................................................5

                2.      ERS-PREPA and Sarasota EPP Have The Largest
                        Financial Interest In The Relief Sought ..............................................6

                3.      ERS-PREPA and Sarasota EPP Satisfy The
                        Requirements Of Rule 23.....................................................................6

        B.      ERS-PREPA's And Sarasota EPP's Selection Of
                Counsel Should Be Approved...........................................................................8

IV.     CONCLUSION...........................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................. 8

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015) ...................................................... 8

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) ........................................................ 6, 7

**Statutes, Rules and Other Authorities**

15 U.S.C. § 78u-4(a)(3) ....................................................................... *passim*

15 U.S.C. §§ 78j(b) and 78t(a) ............................................................. 1

Fed. R. Civ. P. 6(a)(1)(c) ...................................................................... 5

Fed. R. Civ. P. 23 ............................................................................... *passim*

H.R. Conf. Rep. No. 104-369 ................................................................ 8

The Employees' Retirement System of the Puerto Rico Electric Power Authority ("ERS-PREPA") and the City of Sarasota General Employees Defined Benefit Pension Plan ("Sarasota EPP") respectfully submit this memorandum of law in support of their motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of their selection of the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the class.

## I.      PRELIMINARY STATEMENT

The above-captioned action (the "Action") is brought on behalf of purchasers of Pluralsight, Inc. ("Pluralsight" or the "Company") securities during the period of August 2, 2018 through July 31, 2019, inclusive (the "Class Period").  The claims asserted allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), by Pluralsight, the Company's Chief Executive Officer, Aaron Skonnard ("Skonnard"), and Company's Chief Financial Officer, James Budge ("Budge").

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, ERS-PREPA and Sarasota EPP make this Motion seeking appointment as Lead Plaintiff based upon their belief that ERS-PREPA has the individual largest financial interest in the relief sought by the class, and that together ERS-PREPA and Sarasota EPP have the largest financial interest in the relief sought; and they are otherwise typical and adequate representatives

of the Class.  Further, ERS-PREPA and Sarasota EPP, as sophisticated institutional investors, are the exact type of plaintiff that Congress sought to have serve as Lead Plaintiff when it enacted the PSLRA.  ERS-PREPA and Sarasota EPP have a real financial interest in the litigation, relevant experience as a result of their involvement in other securities class actions, and the ability to supervise and monitor counsel.  As set forth in greater detail in their Joint Declaration submitted herewith, ERS-PREPA and Sarasota EPP fully understand the Lead Plaintiff's obligations to the class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous and efficient prosecution of this action.[1]

ERS-PREPA and Sarasota EPP have also demonstrated their adequacy through their selection and retention of AF&T, a law firm with extensive experience in prosecuting similar actions, to serve as Lead Counsel for the class.  Therefore, as discussed in greater detail below, ERS-PREPA and Sarasota EPP respectfully requests that this Court grant their motion for appointment as Lead Plaintiff and approval of its selection of counsel.

## II.    SUMMARY OF RELEVANT FACTS

Pluralsight is a provider of cloud-based and video training courses for employees such as software developers, IT administrators, and creative professionals.  ¶ 2.[2]

In order to drive revenue growth, Pluralsight relies on its large direct sales force which sells subscriptions to business and enterprise users.  ¶ 26.  As such, Pluralsight utilizes a metric known as "billings" as a primary measure of growth, which it defines as total revenue for a period, plus the change in deferred revenue based on the subscription period.  *Id*.  In its SEC filings, the

---

[1] *See* Joint Declaration of María Hernández Ramírez and Ryan Chapdelain in support of this Motion ("Joint Declaration"), attached as Ex. 1 to the Declaration of Mitchell M.Z. Twersky ("Twersky Decl."), filed herewith.

[2] All references to "¶ _" refer to paragraphs of the Complaint filed in this Action [ECF No. 1].

Company explained that billings are used "to measure and monitor our ability to provide our business with the working capital generated by upfront payments from our customers and our ability to sell subscriptions to our platform to both existing and new customers." ¶ 27. Soon after the Company went public in May 2018, it disclosed to the market that it was hiring individuals to join its sales team. *Id*.

On August 1, 2018 the Company issued financial results for the second quarter ended June 30, 2018. ¶ 28. The Company reported billings of $65.3 million, and billings from business customers of $54.6 million. *Id*. The Company also conducted an investor conference call where Skonnard represented that "billings from [the Company's] top 25 customers for the last 12 months increased by approximately 13 times from the billings we generated from those same customers in the year of their initial purchase. All of this has led to [its] strong and growing retention rate of 125%." *Id*. Skonnard further represented that the Company's partnerships with "major tech companies . . . [would] continue to expand [its] reach into the developer community," and "further monetize on [its] content production engine and decrease our go-to-market cost over time." *Id*.

On October 24, 2018, the Company issued financial result for the third quarter ended September 30, 2018, reporting billings of $72.2 million and billings from business customers of $61.1 million. ¶ 33. On an investor call, Budge represented that the strong third quarter 2018 results were indicative of the success of the Company's "land and expand" strategy. ¶ 34. Budge further stated that the "combination of our acquisition of new customers and our ability to expand within our customer base resulted in a record third quarter for Pluralsight." *Id*.

On March 7, 2019, Pluralsight announced a secondary public offering ("SPO") of 13,558,464 common shares at a price of $29.25 per share, to be sold by certain selling stockholders, including Skonnard and Budge. ¶ 43. The SPO generated gross proceeds of over $450 million.

*Id*.  Pluralsight did not receive any proceeds from the sale of the shares of its common stock as all of the proceeds went to the selling stockholders, which included Skonnard and Budge, certain other Company insiders, and related parties.  *Id*.

In connection with the SPO, Pluralsight filed a Form S-1 Registration Statement with the SEC on March 4, 2019, and a prospectus on March 7, 2019 (the Registration Statement and the Prospectus are collectively referred to as the "Prospectus").  ¶ 44.  The Prospectus reassured investors that Pluralsight had "significantly expanded our direct sales force to focus on business sales," and "[w]e have also been able to drive substantial increases in the productivity and effectiveness of our sales personnel over time as they gain more experience selling subscriptions to our platform."  *Id*.

On July 31, 2019, Pluralsight disclosed that its billings growth had sharply deteriorated from over 40% to just 23% year-over-year.  ¶ 50.  During an analyst conference call, Skonnard attributed the shortfall to "sales execution challenges, which impacted our billings."  Budge disclosed that "[s]imply put, … there were dozens of reps that we needed to bring on board at the end of last year, beginning into this year, so they would ramp and become fully productive in the second quarter. And there [were] for a number of reasons delays in bringing them on board until, … early to mid-second quarter."  *Id*.

In response to these revelations, Pluralsight's share price plummeted $12.13 per share, or nearly 40%, to close at $18.56 per share on August 1, 2019.  ¶ 53.  Over the next two trading days, Pluralsight's share price declined an additional 5%, to a closing price of $17.64 per share on August 5, 2019.  *Id*.

III.   **ARGUMENT**

A.   **ERS-PREPA and Sarasota EPP
Should Be Appointed As Lead Plaintiff**

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as Lead Plaintiff in a securities fraud class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *First*, the plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  *Second*, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *Third*, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Here, the ERS-PREPA and Sarasota EPP believe they are the "most adequate plaintiff" because they satisfy all three elements.  Accordingly, ERS-PREPA and Sarasota EPP should be appointed as Lead Plaintiff.

1.   **ERS-PREPA and Sarasota EPP Have
Timely Moved For Appointment As Lead Plaintiff**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On August 13, 2019, notice of the Action published via *Globe Newswire* and provided October 15, 2019 as the deadline for parties to timely move this Court for appointment as Lead Plaintiff.  *See* Twersky Decl., Ex. 2.  While October 12, 2019 (a Saturday) is 60 days from the date on which the notice was published, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the 60-day period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  October 14, 2019, the first Monday after the end of the 60-day period, was Columbus Day—a legal holiday.  As such, the proper deadline for parties to submit

applications for appointment as Lead Plaintiff in this Action is October 15, 2019. Therefore, ERS-PREPA and Sarasota EPP satisfy this requirement through the filing of this Motion.

**2.      ERS-PREPA and Sarasota EPP Have The Largest
Financial Interest In The Relief Sought**

ERS-PREPA and Sarasota EPP should be appointed Lead Plaintiff because they have the largest financial interest in this litigation as a result of having suffered losses from their purchases of Pluralsight common stock during the Class Period. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See, e.g*., Twersky Decl., Exs. 3 and 4. To the best of ERS-PREPA's and Sarasota EPP's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation, either individually or as an appropriate group. Accordingly, ERS-PREPA and Sarasota EPP have the largest financial interest among those seeking appointment as Lead Plaintiff, and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**3.      ERS-PREPA and Sarasota EPP Satisfy
The Requirements Of Rule 23**

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). Here, ERS-PREPA and Sarasota EPP satisfy both

6

the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

ERS-PREPA's and Sarasota EPP's claims are typical of the claims of other purchasers of Pluralsight securities.  The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *McKenzie*, 268 F.R.D. at 173-74 (citation omitted).  Here, the claims of ERS-PREPA and Sarasota EPP are typical because, like all members of the putative class, they purchased Pluralsight securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed.  ERS-PREPA's and Sarasota EPP's claims arise from the same course of events as all class members and require the same legal arguments in order to prove defendants' liability.  As such, ERS-PREPA and Sarasota EPP satisfy the typicality requirement.

ERS-PREPA and Sarasota EPP similarly satisfy the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...." *McKenzie*, 268 F.R.D. at 174 (citation omitted).

ERS-PREPA and Sarasota EPP satisfy these elements because their substantial financial stake in the outcome of this litigation provides the incentive to vigorously represent the claims of the class, and they do not have interests that are antagonistic to the class.  ERS-PREPA and Sarasota EPP have also demonstrated their adequacy through their choice to retain AF&T, a law firm with the experience and knowledge to vigorously prosecute the litigation on behalf of the

class.  *See supra*, B.  Moreover, ERS-PREPA and Sarasota EPP, as sophisticated institutional investors, are the type of investors Congress specifically sought to encourage to lead securities class actions in enacting the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (institutional investors are "the type of investor Congress prefers as lead plaintiff"); *see also In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("The fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members.'").

As set forth in their Joint Declaration, ERS-PREPA and Sarasota EPP fully understand the PSLRA requirements of a Lead Plaintiff and are committed to working together, cohesively, in the prosecution of this action to vigorously and effectively represent the interests of all members of the class.  *See* Twersky Decl., Ex. 1 (Joint Declaration).  Accordingly, ERS-PREPA and Sarasota EPP satisfy the requirements of Section 21(a)(3)(B) and are presumptively the most adequate plaintiff.  This presumption has not been, and cannot be, rebutted by proof that ERS-PREPA and Sarasota EPP "will not fairly and adequately protect the interests of the class" or "[are] subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, for the reasons stated above, the Court should appoint ERS-PREPA and Sarasota EPP as Lead Plaintiff.

**B.     ERS-PREPA's And Sarasota EPP's
Selection Of Counsel Should Be Approved**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-

4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  ERS-PREPA and Sarasota EPP have selected and retained AF&T to serve as Lead Counsel.  AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions.  *See, e.g., Utesch v. Lannett Company Inc.*, *et al.,* No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing AF&T lead counsel); *accord, e.g., Godinez v. Alere Inc.*, et al., No. 1:16-cv-10766 (PBS), ECF No.  152 (D. Mass. Dec.  22,  2017) (appointing AF&T co-lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (appointing AF&T lead counsel); *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (same).  The firm resume of AF&T, the proposed Lead Counsel, is submitted for the Court's convenience.  *See* Twersky Decl., Ex. 5.

## IV.    **CONCLUSION**

For the reasons set forth herein, respectfully requests that the Court: (i) appoint ERS-PREPA and Sarasota EPP as Lead Plaintiff; and (ii) approve ERS-PREPA's and Sarasota EPP's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel for the class.

Dated: October 15, 2019                                   Respectfully submitted,

                                                         ABRAHAM, FRUCHTER & TWERSKY, LLP

                                                         _____ /s/ *Mitchell M.Z. Twersky* _____
                                                         Mitchell M.Z. Twersky (MT-6739)
                                                         Atara Hirsh (AH-6771)
                                                         Sean M. Handron-O'Brien (to be admitted *pro hac vice*)
                                                         One Penn Plaza, Suite 2805
                                                         New York, New York 10119

Tel. (212) 279-5050
Fax. (212) 279-3655
*MTwersky@aftlaw.com*
*AHirsh@aftlaw.com*
*SHandronobrien@aftlaw.com*

- and -

Ian D. Berg (to be admitted *pro hac vice*)
Takeo A. Kellar (to be admitted *pro hac vice*)
11622 El Camino Real, Suite 100
San Diego, California 92130
Tel. (858) 764-2580
Fax. (858) 764-2582
*IBerg@aftlaw.com*
*TKellar@aftlaw.com*

*Counsel for the Employees' Retirement System
of the Puerto Rico Electric Power Authority and
the City of Sarasota General Employees Defined
Benefit Pension Plan, and Proposed Lead Counsel
for the Class*

10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under the penalty of perjury that on October 15, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel registered to receive such notice.

_____/s/ *Mitchell M.Z. Twersky*_____

Mitchell M.Z. Twersky
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax. (212) 279-3655
*MTwersky@aftlaw.com*
