UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLURALSIGHT, INC., AARON SKONNARD, and JAMES BUDGE,<br><br>Defendants. | Case No.  1:19-cv-07563-AKH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HALLANDALE BEACH
POLICE AND FIREFIGHTERS RETIREMENT FUND FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.      THE RETIREMENT FUND SHOULD BE APPOINTED LEAD PLAINTIFF ............... 4

        A.      The Retirement Fund is willing to serve as a Class Representative and has timely
                filed this motion to be appointed Lead Plaintiff. .................................................... 5

        B.      The Retirement Fund has the "largest financial interest" in the Action. ................ 6

        C.      The Retirement Fund otherwise satisfies the Requirements of Rule 23. ................ 7

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
   2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...........................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ................................................................................................8

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).......................................................6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).........................................................8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ..........................................................................................2, 9

*In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*,
   2015 U.S. Dist. LEXIS 119183 (S.D.N.Y. Sept. 8, 2015)........................................................9

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006).......................................................................................9

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992)......................................................................................................7

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
   2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ...........................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................7

*In re Veeco Instruments, Inc.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ..........................................................................................3, 9

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ..............................................................................................8

*Kaplan v. Gelfond*,
     240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
     311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................10

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
     1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...........................................................6

*Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*,
     2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018) .....................................................3, 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
     589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................10

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................ *passim*

15 U.S.C. § 78j(b) ....................................................................................................1, 6

15 U.S.C. § 78t(a) ....................................................................................................1, 6

## Rules

Fed. R. Civ. P. 23.................................................................................................2, 5, 7, 8

Hallandale Beach Police and Firefighters Retirement Fund (the "Retirement Fund") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing the Retirement Fund as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Pluralsight, Inc. ("Pluralsight" or the "Company") between August 2, 2018 and July 31, 2019, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

It is critically important that a sophisticated institutional investor oversee the litigation of the above-captioned action (the "Action") by experienced legal counsel.  The initial complaint in the Action alleges a very significant fraud perpetrated on the investors in Pluralsight during the Class Period, arising from the concealment of sales execution challenges and other issues with its salesforce that were negatively impacting the Company's billings growth rate.  *See generally* Dkt. No. 1.  The ability of Pluralsight investors to recover their losses arising from the alleged fraud rests up on the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA.  The Retirement Fund is the best choice to serve as Lead Plaintiff.  Its chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

During the Class Period, Pluralsight and certain of its officers (collectively, "Defendants") allegedly defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule

10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Pluralsight's business and operations.  Pluralsight investors, including the Retirement Fund, incurred significant losses resulting from the Company's July 31, 2019 announcement of its financial results for the second quarter 2019, which included the news that Pluralsight's billings growth rate had sharply deteriorated from over 40% to just 23% year-over-year, due to sales execution challenges and other issues with its salesforce.  Following this news, Pluralsight's stock price fell $12.13 per share, or nearly 40%, to close at $18.56 per share on August 1, 2019.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Retirement Fund, an institutional investor that incurred losses of approximately $63,179 in connection with its Class Period purchases of Pluralsight securities, believes that it has the largest financial interest in the relief sought in this action.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

Beyond its considerable financial interest, the Retirement Fund also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and it will fairly and adequately represent the interests of the Class.  As a sophisticated institutional investor, the Retirement Fund is a paradigmatic lead plaintiff under the PSLRA, and its appointment would advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733.  For this reason, courts in the Second Circuit strongly prefer appointment of institutional investors to lead complex securities class actions.  *See, e.g.*, *Glauser v. EVCI Career*

*Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*, 2018 U.S. Dist. LEXIS 41120, at *17 (S.D.N.Y. Mar. 13, 2018) ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs.").

In order to fulfill its responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, the Retirement Fund has selected Pomerantz as Lead Counsel for the Class.   Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.   Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on its very significant financial interest, and its commitment as a sophisticated institutional investor to overseeing this litigation, the Retirement Fund respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving its selection of Lead Counsel.

## STATEMENT OF FACTS

As the Complaint in this Action (Dkt. No. 1) alleges, Pluralsight is a provider of cloud-based and video training courses for employees such as software developers, IT administrators, and creative professionals.   The Company completed its initial public offering ("IPO") in May 2018, whereby it sold 23.8 million shares at a price of $15.00 per share, for gross proceeds of $357 million.   Less than a year later, Pluralsight completed a secondary public offering ("SPO") on March 6, 2019, whereby it sold 15.6 million shares at a price of $29.25 per share, for gross

proceeds of over $450 million.  The SPO served as a massive cash-out for Pluralsight insiders, as all the proceeds went to Company insiders and related parties; and conversely none of the money was raised to fund corporate developments or initiatives.

Throughout the Class Period, Pluralsight misrepresented the Company's business outlook, particularly related to the Company's salesforce and its ability to generate strong growth in billings.  Specifically, the Company failed to disclose that Pluralsight was experiencing substantial delays in hiring and properly training the salesforce necessary to meet its lofty billing projections.  In addition, the Company knew at the time of the March 2019 SPO that it was behind schedule onboarding new sales representatives, which was hurting the Company's sales execution and preventing Pluralsight from meeting its high growth projections.  Instead of disclosing such facts at the time of the SPO, and to cash-out at inflated prices, Defendants intentionally obscured and omitted this pertinent information from investors.

On July 31, 2019, after the close of the markets, Pluralsight announced disappointing financial results for the second quarter ended June 30, 2019, and that its billings growth rate had sharply deteriorated from over 40% to just 23% year-over-year.  The Company blamed its declining growth in billings on sales execution challenges and other issues with its salesforce. Pluralsight also disclosed that its Chief Revenue Officer was resigning.

In response to these disclosures, Pluralsight's stock price fell $12.13 per share, or nearly 40%, to close at $18.56 per share on August 1, 2019, damaging the Retirement Fund and other members of the putative Class.

ARGUMENT

## I.      THE RETIREMENT FUND SHOULD BE APPOINTED LEAD PLAINTIFF

The Retirement Fund should be appointed Lead Plaintiff because, to the best of its counsel's knowledge, the Retirement Fund has the largest financial interest in the Action and

otherwise strongly satisfies the requirements of Rule 23.  The PSLRA directs courts to consider

any motion to serve as lead plaintiff filed by class members in response to a published notice of

the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon

as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. § 78u-

4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all

motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff"

to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief
>
> sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
>
> Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Retirement Fund satisfies all three of these criteria and thus is

entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore,

should be appointed Lead Plaintiff for the Class.

### A.      The Retirement Fund is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On August 13, 2019, counsel for the plaintiff in the Action caused a notice to be

published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which

announced that litigation had been filed against Defendants and which advised investors in

Pluralsight securities that they had until October 15, 2019, to file a motion to be appointed as

lead plaintiff.  *See* Lieberman Decl., Ex. B.  The Retirement Fund has timely filed the instant

motion pursuant to the Notice, and has attached a sworn Certification attesting that the

Retirement Fund is willing to serve as a representative for the Class and to provide testimony at

deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, the Retirement Fund satisfies the

first requirement to serve as Lead Plaintiff of the Class.

### B.        The Retirement Fund has the "largest financial interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . .

is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   To the best of its counsel's knowledge, The

Retirement Fund has the largest financial interest of any Pluralsight investor seeking to serve as

Lead Plaintiff.  For claims arising under Exchange Act §10(b), courts frequently assess financial

interest based upon the four factors articulated in the seminal case *Lax v. First Merchants*

*Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of

net shares purchased during the class period; (3) the total net funds expended during the class

period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS

11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide, these *Lax* factors

have been adopted and routinely applied by courts in the Second Circuit.  *See*, *e.g.*, *In re Olsten*

*Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord Chahal v. Credit Suisse Grp.*

*AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018);

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-0613

During the Class Period, the Retirement Fund: (1) purchased 4,846 shares of Pluralsight

stock; (2) expended $150,548 on its purchases of Pluralsight stock; (3) retained 4,291 of its

shares of Pluralsight stock; and (4) incurred losses of $63,179 in connection with its purchases of

Pluralsight stock.  *See* Lieberman Decl., Ex. A.  To the extent that the Retirement Fund possesses

the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      The Retirement Fund otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude* 2018 U.S. Dist. LEXIS 57591, at *8; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the

class members.'"   *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The Retirement Fund's claims are typical of those of the Class.  The Retirement Fund alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Pluralsight.  The Retirement Fund, as did all members of the Class, purchased Pluralsight common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Pluralsight's stock price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below the Retirement Fund has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the Retirement

8

Fund's interests and the interests of the Class.  The Retirement Fund has submitted a signed

Certification declaring its commitment to protect the interests of the Class (*see* Lieberman Decl.,

Ex. C), and the significant losses incurred by the Retirement Fund demonstrate that it has a

sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

The Retirement Fund is a sophisticated institutional investor with significant assets under

management.  As such, its appointment would be consistent with the PSLRA's preference for the

appointment of institutional investors as class representatives in securities class actions.  *See*

H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions

will ultimately benefit shareholders and assist courts by improving the quality of representation

in securities class actions").  Indeed, courts strongly prefer appointment of institutional investors

to lead complex securities class actions.  *See, e.g.*, *Glauser*, 236 F.R.D. at 188 ("[T]he PSLRA

was passed, at least in part, to increase the likelihood that institutional investors would serve as

lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments*, 233 F.R.D. at 332-

33); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at *17 ("[C]ourts have a preference for

appointing institutional investors as lead plaintiffs."); *In re Braskem S.A. Sec. Litig.*, 15 Civ.

5132 (PAE) *et al.*, 2015 U.S. Dist. LEXIS 119183, at *14 (S.D.N.Y. Sept. 8, 2015) (appointing

as lead plaintiff "an institutional investor, the type of investor Congress prefers as lead

plaintiff"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 n.8 (S.D.N.Y. 2006)

(appointing as lead plaintiff a "large institutional investor . . . precisely the type of plaintiff

envisioned under the PSLRA").

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject

to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead

plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

Here, the Retirement Fund has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. *See* Lieberman Decl., Ex. D. More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.) in June 2010. *See* Lieberman Decl., Ex. D. Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Gross v. AT&T Inc.*, 19-cv-2892 (S.D.N.Y.); *In re*

*Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-1725 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.).

The Retirement Fund's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Retirement Fund's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Retirement Fund respectfully requests that the Court issue an Order: (1) appointing the Retirement Fund as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 15, 2019                              Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Jennifer Pafiti
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

11

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Hallandale*
*Beach Police and Firefighters Retirement Fund and*
*Proposed Lead Counsel for the Class*

KLAUSNER, KAUFMAN, JENSEN &
LEVINSON
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street
Plantation, Florida 33317
Phone: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com
Email: stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff Movant*
*Hallandale Beach Police and Firefighters*
*Retirement Fund*

12